BOMAR v. GIST.

It is a breach of trust by a trustee to use trust funds in part payment for land purchased for the estate, and give a mortgage for the balance of the purchase money; and the vendor, knowing of this breach, becomes a trustee for the *cestuis que trust*, and on foreclosing his mortgage must first account to them for their money before applying the proceeds to the mortgage.

Before Witherspoon, J., Spartanburg, November, 1885.

This was an appeal from the following decree:

In determining the rights as between plaintiff and the *cestuis que trust*, under the issues presented by the pleadings, it will be proper to consider: 1. Whether or not it was a breach of trust for the trustee to invest the trust funds in the house and lot upon the terms above set forth. II. If the trustee was guilty of

a breach of trust in making said purchase, did the plaintiff have knowledge of such breach at the time he received the $550 cash payment and took the mortgage for the balance of purchase money?

It seems to me that under the provisions of the will of William H. Gist, and the large discretion therein conferred upon the trustee, the trustee was authorized to re-invest the proceeds of the sale of the trust land in real estate; otherwise the testator would not have directed the trustee to invest such proceeds of sale for the same uses that he had attached to the trust under said will. In this view I conclude that it would not have been a breach of trust for the trustee to have invested the proceeds of the sale of the Union County trust land in the house and lot purchased in Spartanburg from plaintiff. But it appears that the trustee has never sold the Union County trust land, and that the $550 cash payment necessarily must have come from some other source. According to the testimony of David C. Gist, and I conclude as matter of fact, that the $550 cash paid was realized from sales of cotton produced upon the trust land in Union County. Then the question arises, was it a breach of trust for the trustee to invest the income of the trust land in the house and lot purchased from plaintiff? The income was money, the investment of which in real estate is not authorized by the provisions of the will creating the trust. To invest the income in the purchase of the house and lot and the giving of a mortgage for the unpaid balance of purchase money, was a breach of trust under the authority of *Mathews* v. *Heyward.*

If the plaintiff had notice, at the time of such breach of trust by the trustee in purchasing the house and lot, he must be held so far responsible for the trustee's breach of trust as to be regarded as a trustee for the *cestuis que trust*, and should be compelled to refund the $550 cash paid by the trustee, with interest, and the *cestuis que trust* would not be affected by the mortgage. Had the plaintiff such notice? It appears that it was at the request of the trustee that the plaintiff conveyed the house and lot to the trustee, subject to the terms of the original trust under the will of William H. Gist. Plaintiff, by his deed, therefore became bound to take notice of the terms of the trust recited in his deed and in the will of William H. Gist. He was not, however, bound

to inquire beyond the trust recited in his deed and in the will, to ascertain the source from which the trustee derived the $550 cash paid, and could only be affected by the breach of trust upon the ground that he had actual notice, or was put upon due inquiry in that direction.

The terms of the trust of which plaintiff had notice, would clearly indicate that the trustee, clothed with an almost unlimited discretion, was authorized to sell and invest proceeds of the 1,600 acres of land in Union County. Plaintiff and John Earle Bomar, the attorney who drew the papers, both testify that, according to their recollection, the trustee stated at the time that he either wanted to sell or had sold the Union County tract of land, and wanted to re-invest in the house and lot, and hence the request that the house and lot should be conveyed to the trustee, subject to the trust under the will. The defendant, David C. Gist, however, testifies that at the time he told plaintiff that the $550 cash paid was the proceeds of rent cotton. Plaintiff and John Earle Bomar, Esq., both testify, according to their recollection, that no such statement was made by the trustee.

It seems to me that, under the circumstances, it would have been reasonable for plaintiff to conclude, either that the $550 payment in cash was from the sale of the trust land, or that, in anticipation of the sale of the trust land, this money was advanced by David C. Gist, to be reimbursed out of the sale to be made of the trust land. I cannot conclude from the testimony, that the plaintiff had such notice as would render him "responsible for the trustee's breach of trust," as to the rent money. In the case of *Mathews* v. *Heyward*, cited by defendants, it clearly appeared that the mortgagee had notice of the mortgagor's breach of trust, and upon this ground the mortgagee was held responsible for the breach of trust by the mortgagor.

It has been urged that if the money invested by the trustee in the house and lot had been the proceeds of the sale of the trust land, that under the authority of *Mathews* v. *Heyward* it would have been a breach of trust to encumber the property with a mortgage for the purchase money. As the only amount ($550) paid by the trustee on the house and lot comes from rent cotton, and not from sale of the trust land, this is a hypothetical view of

the case.   But assuming that the $550 cash paid by the trustee
came from the sale of the trust land, it seems that the two cases
are to be distinguished, as a large discretion was conferred upon
the trustee in this case, who, under the terms of the trust, had
1,600 acres of land (at present prices worth from $10 to $12 per
acre) with which, in the exercise of such discretion, he could at
any time by sale relieve the house and lot of the mortgage.   The
terms of the trust under the will, of which plaintiff had knowl-
edge, furnished this information as to the discretion and ability
of the trustee at any time to prevent a sacrifice of the interests
of the *cestuis que trust*, from the mortgage given for the balance
of purchase money.   No such facts appear in the case of *Mathews*
v. *Heyward*.   The real controversy between plaintiff and the
*cestuis que trust* is over the $550 of rent cotton applied as a cash
payment on the house and lot by the trustee, in breach of his
trust.   Having held that plaintiff did not have notice of the *trust
character* of the *cash payment*, he cannot be held responsible for
any breach of trust committed by the trustee.   It was further
claimed that the purchase by the trustee was not made for the
benefit of the *cestuis que trust* and was improvident.   The defen-
dant, David C. Gist, the only witness on behalf of the defendants,
testifies that his wife was anxious for the purchase of the house
and lot, in order that their children, the *cestuis que trust*, might
enjoy the benefit of the schools at Spartanburg.   I am convinced
from the testimony that the house and lot was worth the $2,200,
the purchase money, and was yielding a rent of $210 per annum.
I conclude that one of the main objects of the purchase of the
house and lot was to educate the *cestuis qui trust*, and that the
purchase by the trustee, under the circumstances, was not impro-
vident.   Under such circumstances, it seems to me that the
court would confirm the investment.   If it should be considered
improvident, it is the result of the large discretion with which
the trustee is clothed by the terms of the trust.

I find as matter of fact: I. That the *cash paid* plaintiff by the
trustee on the house and lot was derived from proceeds of sale
of cotton from the trust land in Union County.   II. That when
plaintiff received the $550 cash on the house and lot, he had no
knowledge that it was proceeds of the sale of cotton from the

trust land. III. That the house and lot sold the trustee by plaintiff was worth $2,200.

I find as matter of law: I. That David C. Gist had the right, under the terms of the trust under the will of William H. Gist, to reinvest the proceeds of the sale of the trust land in the house and lot sold by plaintiff. II. That the trustee was not authorized to invest the $550 cash, from the proceeds of cotton from the trust land, in the house and lot purchased from plaintiff, and that the same was a breach of trust. III. That the plaintiff is not responsible for the breach of trust thus committed by the trustee. IV. That plaintiff is entitled to a judgment of foreclosure upon his mortgage.

No personal judgment has been demanded against David C. Gist for any deficiency that may arise from the sale of the mortgaged premises. As the trustee has not exercised his authority to sell the *trust land*, this court will not order the trustee to sell the *trust land* to relieve the house and lot of the mortgage for the balance of the purchase money, but will direct the sale of the house and lot under plaintiff's mortgage, with a view, as far as practicable, to the protection of the rights of the *cestuis que trust.*

It is ordered and adjudged, that unless David C. Gist, trustee, shall in the meantime pay plaintiff the amount due upon the mortgage thereof, that the house and lot described in the mortgage of David C. Gist, trustee, to the plaintiff, William M. Bomar, dated November 3, 1883, in the city of Spartanburg, be sold; * * * that after paying the costs of this action the sheriff do apply so much of the proceeds of said sale as may be necessary to pay the balance of purchase money due plaintiff upon his mortgage debt against David C. Gist, trustee of the other defendants under the will of William H. Gist, and that he hold any surplus subject to the further order of this court.

From this decree the infant defendants appealed.

*Mr. William Munro*, for appellants.

*Messrs. Bomar & Simpson*, contra.

September 23, 1886. The opinion of the court was delivered by MR. JUSTICE MCIVER. Under the will of his father, the

defendant, David C. Gist, held certain lands in Union County in trust for his children, Laura Gist and others, his co-defendants, all of whom are minors.  The terms of the trust are as follows: "For the use of his children, born and to be born, and their heirs forever, with power to said trustee to sell and convey the said tract at any time before the oldest of said children reaches the age of twenty-one years, and invest the proceeds thereof for the same uses."  On November 3, 1883, the plaintiff sold and conveyed to the defendant, David C. Gist, as trustee as aforesaid, a house and lot in the city of Spartanburg for the sum of twenty-two hundred dollars, of which sum the said trustee paid five hundred and fifty dollars in cash, and executed to the plaintiff his three notes of five hundred and fifty dollars each, payable in one, two, and three years, secured by a mortgage of the premises.  Upon default in payment of the first note and the interest on the other two, this action was commenced to foreclose said mortgage, the minor children of the trustee, beneficiaries under the trust, being made parties defendant.

David C. Gist put in no answer, but the minors, by their guardian *ad litem*, answered, claiming that the cash payment was made with trust funds; that the land was conveyed to the trustee upon the same trusts as those declared in the will of their grandfather; that the purchase was not made for their benefit, but for the individual benefit of their trustee and as a residence for him; that said purchase was improvident and made without authority; and if carried out will result in loss of the trust money already paid; that all these things were well known to the plaintiff at the time of the purchase, and he thereby became a participant in the breach of trust committed by the trustee.  They therefore demanded judgment that the purchase be rescinded, and the plaintiff required to refund to them the cash paid, with interest; or if a sale of the premises be ordered, that the said sum of money and interest be paid for the use of the minor defendants out of the proceeds thereof, before anything is paid to the plaintiff.

The testimony shows conclusively that the cash payment made by the trustee was made with money derived from the rents of the trust lands in Union; but there was a conflict of testi-

mony as to whether this fact was known to the plaintiff at the time of the purchase, he claiming that he was led to believe by the trustee that the money was derived from the sale of the Union lands. and not from the rents of those lands. The testimony also shows that the trustee had the means of supporting his children and providing them with a house, and hence he had no right to use their trust funds for that purpose. The manifest object of the purchase of the house and lot in Spartanburg was to obtain a family residence with access to the schools in that city, though it appears that there was a residence on the Union lands, which had been occupied by the family, within reach of good schools, and we think it pretty clear that the real purpose of the purchase was, not so much as an investment of the trust funds, as it was to obtain the superior social and educational advantages afforded by a residence in the city.

The Circuit Judge found as a matter of fact that the cash payment was made out of the proceeds of the rents of the trust lands, but that this was not known to the plaintiff at the time of the purchase. And as matter of law he found that while the trustee, under the terms of the will, had the power to sell the Union lands and reinvest the proceeds thereof, or so much thereof as might be necessary for the purpose, in the purchase of the house and lot in Spartanburg, he did not have the power so to invest the rents of those lands, and such an investment was, on his part, a breach of trust; but that the plaintiff, having no notice that the cash payment was made out of the rents of the lands, could not be implicated in such breach of trust. He therefore rendered judgment that the house and lot be sold and the proceeds, after paying the costs of the action, be applied to the payment of any balance that may be due to the plaintiff on the purchase money, and that any surplus that may then remain be held subject to the further order of the court.

From this judgment the minor defendants appeal upon the several grounds set out in the record, which need not be repeated here, as in our judgment the whole case turns upon the single inquiry whether it was a breach of trust on the part of the trustee to use trust funds in making the cash payment on the property purchased, and at the same time encumbering the property with a

mortgage to secure the payment of the balance of the purchase money. We do not suppose that there can be a doubt that it would be a breach of trust for a trustee to invest the trust funds in lands already encumbered with the lien of a mortgage, and we are unable to perceive the difference in principle between such an investment, and one in which, *at the time of investment,* the property is encumbered with a lien entitled to priority of payment; for in both cases the trust funds are imperilled, and unless the liens are removed, may be entirely lost. We understand the rule to be that where a vendor receives trust funds, knowing at the time that they are trust funds, in part payment of land, and takes from the trustee a mortgage to secure the payment of the balance of the purchase money, he thereby becomes a trustee to the extent of such cash payment, and when he forecloses his mortgage for the unpaid purchase money he must first account to the *cestui que trust* for the trust funds—the cash payment—before he can apply any portion of the proceeds of the sale of the mortgaged premises to the unpaid purchase money. *Mathews* v. *Heyward,* 2 *S. C.,* 239; *Elliott* v. *Mackorell,* 19 *S. C.,* 238.

The fact that the trustee in this case held other trust property—the Union lands—by the sale of which the balance of the purchase money might have been paid, cannot affect the result. For it may be, and the testimony seems to indicate that such would have been the fact, that it would have required a sacrifice of the Union lands, or at least a great loss on their sale, if the trustee had been forced to sell them to obtain the means of paying the balance of the purchase money due on the mortgaged premises, in time to prevent a judgment of foreclosure; and thus, to save one portion of the trust funds, another portion would be jeopardized and perhaps sacrificed. Such a proposition certainly cannot be maintained. The breach of trust consisted in the investment of trust funds in property which was at the same time encumbered with a lien; and it was then that the plaintiff became trustee for so much of the trust funds as were used in making the cash payment, and as such must account for the same out of the proceeds of the sale of the property in which such trust funds were invested.

Under this view of the case it is wholly immaterial whether

the plaintiff, at the time of the purchase, knew that the funds used in making the cash payment were derived from the rents or the sale of the Union lands. He knew that they were trust funds, and that was all that was necessary to affect him with the trust. We think, therefore, that the Circuit Judge erred in decreeing that the proceeds of the sale of the mortgaged premises, after payment of the costs of the action, should be applied to the payment of the balance due the plaintiff for the purchase money, without first providing for the refunding of the trust funds used in making the cash payment, with interest thereon, to the trust estate.

The judgment of this court is, that the judgment of the Circuit Court be modified in accordance with the views herein announced.